IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KEITH PAUL ENGLISH**                                                                                    **PLAINTIFF**

**VERSUS**                                                              **CIVIL ACTION NO. 3:12-cv-478-DPJ-FKB**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                         **DEFENDANT**

**ORDER OF DISMISSAL**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff English was an inmate of the Mississippi Department of Corrections (MDOC) when he filed this *pro se* Complaint [1] pursuant to 42 U.S.C. § 1983.[1] The named Defendant is MDOC. Upon liberal review of the Complaint and subsequent pleadings, the Court has come to the conclusion that Plaintiff's claims do not assert a violation of a constitutional right.

**I.**     **Background**

English states that in August 2008 he was told that he was being classified as "trusty" status. Comp. [1] p. 4. As a result of that classification, English could earn thirty days credit for thirty days served. *Id.* Two months later, English noticed that his time sheet did not reflect his "trusty" classification. *Id.* According to Plaintiff, he asked a case manager about the omission and was incorrectly told that he was not eligible for "trusty" classification because of his criminal charge. *Id.* English claims that on December 19, 2008, a classification officer recognized the error and his classification was changed to "trusty." *Id.*

In his Complaint [1], Plaintiff seeks "trusty" classification from August 12, 2008, until

---

[1]Plaintiff's Response [13] filed February 19, 2013, informed the Court that Plaintiff had been released from incarceration.

December 19, 2008. Additionally, Plaintiff includes a request for monetary damages in his Response [16]. The Complaint should be dismissed.

**II.     Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner civil actions that are proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court entered an Order [10] granting English *in forma pauperis* status. Thus, Section 1915(e)(2) applies to the instant case. *See Hoffman v. Stulga*, 464 F. App'x 229, 231 (5th Cir. 2011) (affirming dismissal of former prisoner's § 1983 complaint under § 1915(e)(2)).

The Court finds that English does not have a viable claim for a constitutional deprivation against Defendant MDOC.[2] To maintain a § 1983 civil action, a plaintiff must show that a "person" acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *See Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Significantly in this case, neither the State of Mississippi nor its agencies are

---

[2]English's claims may be barred by Mississippi's three-year statute of limitations. *See Lopez-Vences v. Payne*, 74 F. App'x 398 (5th Cir. 2003) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (holding "[t]he district court may *sua sponte* raise the limitations defense in a suit filed *in forma pauperis* under 28 U.S.C. § 1915")). But because it is difficult to tell whether English properly filed an administrative claim that would toll the statute, the Court will address the merits. *See* Second Step Response Form attached to the Complaint [1]; *see also Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009) (finding that a properly filed ARP grievance tolls the running of the limitations period for a prisoner's claim).

"amenable to suit under 42 U.S.C. § 1983 because they are not considered 'persons' within the meaning of the statute." *Scott v. Miss. Dep't of Corr.*, No. 2:05-cv-2159KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Because MDOC is an agency of the State of Mississippi, *see* Mississippi Code Annotated § 47-5-1, Plaintiff cannot maintain the instant civil action against this Defendant.

English's complaint also suffers from other substantive deficiencies. First, English claims that his constitutional rights were violated because he was not classified as "trusty" status from August 12, 2008, to December 19, 2008. Compl. [1] p. 6. But a prisoner does not have a protectable liberty or property interest in his custodial classification. *Wilkerson v. Stalder*, 329 F.3d 431, 435–36 (5th Cir. 2003) (finding that "this circuit has continued to hold post-*Sandin* [*v. Conner*, 515 U.S. 472 (1995),] that an inmate has no protectable liberty interest in his classification"); *Wilson v. Bundey*, 976 F.2d 957, 958 (5th Cir. 1992) (citing *Moody v. Baker*, 857 F.2d 256, 257–58 (5th Cir.), *cert. denied*, 488 U.S. 985 (1998) (stating that a prisoner does not have a protectable liberty or property interest in his custody classification)).

Moreover, the Mississippi Supreme Court has held that "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So. 2d 271, 274 n.2 (Miss. 2007) (citing Miss. Code Ann. § 47-5-138.1 (Rev. 2004)). Trusty status therefore is determined by the classification board of MDOC pursuant

to Mississippi Code Annotated §§ 47-5-99 to 47-5-103 (1972), and said statutes do not create an expectation of any particular classification, *see Tubwell v. Griffin*, 742 F.2d 250, 253 (5th Cir. 1984).  In sum, English does not have a constitutionally protected right to a certain classification level or any privileges associated with a certain custody level while in prison.

**III.    Conclusion**

Based on the reasons set forth above, Plaintiff's claim lacks an arguable basis that he suffered a violation of a constitutional right.  Consequently, this Complaint [1] is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]

Since this Complaint [1] is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order of Dismissal will be entered.

**SO ORDERED AND ADJUDGED** this the 31st day of July, 2013.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE

---

[3]A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319 (1989).